[No. 31697.   Department Two.   August 9, 1951.]

PAUL D. LYNCH, *Appellant,* v. HOWARD J. GRUBER *et al.,*
*Respondents.*[1]

*Ned Hall* (*Hugh M. Matchett,* of counsel), for appellant.

*Bates & Burnett,* for respondents.

GRADY, J.—This action was instituted by appellant against respondents to recover treble damages arising out of a claimed violation of the emergency price control act and rent regulation made by its authority (Title 50 U. S. C. A. (App.) 326, § 902; 10 Fed. Register, p. 13528). The transaction out of which the action arose took place in Chicago, Illinois. The trial court dismissed the action, and this appeal followed.

On and prior to July 28, 1946, respondents occupied an apartment and paid rental at the rate of forty-five dollars a month. This was the amount fixed by a rent regulation. The rental contract expired April 30, 1946. Respondents continued their occupancy with the consent of the landlord at the same rental. Respondents desired to leave Chicago and to sell their furniture. Appellant and family had recently arrived in Chicago and were looking for an apartment.

[1]Reported in 234 P. (2d) 529.

Appellant responded to an advertisement inserted in a newspaper by respondents. As a result of negotiations with respondents, appellant purchased their furniture for the sum of twenty-five hundred dollars. Appellant also negotiated with the owner of the property to rent the apartment. Respondents had paid some rental in advance, for which appellant reimbursed them, and they vacated the premises so he might take possession August 15th. Appellant then became the tenant of the owner of the apartment, and the tenancy of respondents terminated.

The appellant, by his complaint, advanced the theory, and sought to develop it at the trial, that respondents were holdover tenants and under the laws of the state of Illinois were obligated to keep possession and pay rent for another term; that respondents, with the consent of their landlord, sublet the apartment to appellant for the remainder of their holdover term; that the twenty-five hundred dollars paid for the furniture was an excessive price, and that all that was paid over eight hundred dollars was either additional rental or a premium or bonus for subletting the apartment, or the purchase of the furniture was required as a condition of renting to appellant. Appellant then urges that, in either event, this constituted an illegal exaction of rental in addition to the sum of forty-five dollars per month fixed by the rent regulation, or the imposition of illegal conditions upon the rental of the apartment.

The act (§ 205e) authorized the recovery of damages from any person who demanded, accepted, or received any payment of rent in excess of the maximum rent prescribed, such damages to be measured by the excess of the maximum rental which could lawfully be charged. Appellant bases his right of recovery upon the claim that the relationship of landlord and tenant existed between respondents and himself.

The record does not support the claim of appellant that he became a tenant of respondents by reason of subletting of the apartment to him. The relationship between respondents and appellant was that of vendor and purchaser of the furniture located in the apartment occupied by

respondents. At the time of making the purchase of the furniture from respondents, appellant rented the apartment from the owner of the building. Respondents vacated the premises with the consent of the landlord, and their relationship of landlord and tenant ceased. There was no subletting of any hold-over tenancy at any time; hence, the cited statutes of the state of Illinois and decisions of her courts have no application to the factual situation before us.

Appellant has presented many legal questions, but in order that they be considered, his theory of a landlord and tenant relationship between respondents and himself would have to be accepted. This is one of those cases where it may be said that the facts speak the law; and when we conclude that the relationship of landlord and tenant between respondents and appellant never came into existence, it follows as a matter of course that the price control act and the regulation referred to have no application and give no remedy to appellant.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.

---

October 3, 1951. Petition for rehearing denied.